IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| DEBORAH A. BAMRICK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 6:11-cv-02050-LRR ) |
| SAM'S WEST, INC., | ) ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff Deborah A. Bamrick ("Bamrick") and states and alleges as follows:

1. This action arises under the Americans with Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, et. seq.; Title VII of the Civil Rights Act of 1964 (Title VII); and the Iowa Civil Rights Act, Iowa Code Chapter 216. Bamrick alleges that she is a person with a disability within the meaning of the ADA, as amended, and the Iowa Civil Rights Act. Bamrick further alleges that the Defendant wrongfully discriminated against her when it terminated her employment on or about June 14, 2010.

2. Bamrick seeks damages for back pay and front pay, federal and state compensatory damages, punitive damages, and attorney fees and costs.

JURISDICTION

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. §12101, Title VII of the Civil Rights Act of 1964, and supplemental jurisdiction under 28 U.S.C. § 1367.

VENUE

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) in that Defendant does business in this district, and the events that give rise to this claim occurred in this district.

## ADMINISTRATIVE COMPLIANCE

5. Bamrick filed a timely charge of employment discrimination on the basis of disability and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Iowa Civil Rights Commission ("ICRC") within 300 days of the alleged employment discrimination (Iowa CP # 11-10-59874, EEOC # 26A-2011-00135C).

6. Bamrick has complied with all administrative prerequisites for initiating this action.

7. The EEOC and the ICRC have issued Right-to-Sue Letters, copies of which are attached hereto as Exhibits A and B.

## PARTIES

8. At all times material to this action, Bamrick resided in Hiawatha, Linn County, Iowa, and was an employee of Sam's West, Inc., ("Sam's") at its store #8162 located in Cedar Rapids, Iowa.

9. Sam's is a corporation incorporated under the laws of the State of Arkansas, and doing business in Cedar Rapids, Iowa.

10. Sam's is a person within the meaning of 42 U.S.C. § 12111(7) and Iowa Code § 216.2(11).

11. Sam's is an employer within the meaning of 42 U.S.C. § 12111(5) and Iowa Code § 216.2(7).

12. Sam's employed more than 20 employees for each working day for more than 20 weeks during the current or preceding calendar year.

## FACTS

13. Bamrick suffered an on-the-job injury to her low back in 1997. Since recovery from that injury and surgery she has been subject to certain work restrictions. Those restrictions have remained unchanged since that time.

14. Bamrick was employed at Sam's Store #8162 continuously from the fall of 2001 until her termination on or about June 14, 2010. Prior to that she had worked a number of years at other stores owned by Sam's.

15. During her 9 years of employment at Store #8162 Bamrick always worked in the Photo Center. While her job titles changed, her essential job duties remained mostly the same.

16. Sam's initially accommodated Bamrick's disability. These accommodations consisted of (1) installing floor mats over the concrete floor in her work area, and (2) allowing her the use of a chair or stool during certain periods of machine operation.

17. On or about May 6, 2010 Bamrick was informed that if she wanted to keep using the stool she would need to get approval from company headquarters.

18. Bamrick thereafter sought such approval. On or about May 18, 2010 that approval was denied.

19. On or about June 10, 2010, Bamrick appealed the denial of her request for accommodation pursuant to company procedures. On or about the same day she filed her appeal she was removed from her job by her employer.

20. At all times before and after Sam's removed her from her job Bamrick was a qualified person and was able to perform the essential functions of her position, with or without reasonable accommodation.

21. Beginning in June, 2010 Sam's refused to accommodate Bamrick and instead terminated her from further employment as Photo Center/Connection Center Team Lead.

22. The real reason, or part of the real reason Sam's terminated Bamrick and refused to accommodate her was because of her disability.

23. Sam's retaliated against Bamrick for seeking accommodation by terminating her position.

24. Sam's conduct in refusing to accommodate Bamrick and in discriminating against her based upon her disability and her pursuit of protected activity, was willful, wanton, reckless and malicious.

## COUNT I – VIOLATION OF ADA

25. Bamrick restates and realleges paragraphs 1-24 of the Complaint as if fully set forth herein.

26. At all times relevant, Bamrick had one or more physical impairments that substantially limited one or more of her major life activities, and also had a record of having such an impairment or impairments.

27. At all times relevant, Bamrick was a qualified individual with a disability as defined by 42 U.S.C. §12111(8).

3

Case 6:11-cv-02050-EJM   Document 2   Filed 08/24/11   Page 3 of 5

28. Defendant Sam's discriminated against Bamrick by refusing to accommodate her and in retaliating against her for seeking accommodation and/or for appealing the denial of her accommodation request.

29. Defendant Sam's acted with malice or with reckless indifference to Bamrick's rights.

30. As a direct result of Sam's discrimination, Bamrick has suffered – and continues to suffer – past lost wages, future lost wages, emotional distress, humiliation, and pain and suffering.

WHEREFORE, Plaintiff Deborah A. Bamrick respectfully requests that her Complaint proceed to trial by jury, and upon trial thereof, the Court (1) award back pay, front pay and compensatory damages sufficient to make Bamrick whole for her loss of earnings, lost work opportunities, mental anguish and humiliation against Sam's; (2) award punitive damages sufficient to punish and deter Sam's from similar future conduct; (3) award reasonable attorney's fees against Sam's; (4) assess all costs against Sam's; and (5) for such other and further relief as the Court deems appropriate.

## COUNT II – VIOLATION OF IOWA CIVIL RIGHTS ACT

30. Bamrick restates and realleges paragraph 1-30 as is fully set forth herein.

31. Bamrick suffered from one or more disabilities as defined by Iowa Code § 216.2(5).

32. Sam's discriminated against Bamrick based on her disability in violation of the Iowa Civil Rights Act, Iowa Code § 216.6.

33. Sam's discriminated against Bamrick by retaliating against her for seeking accommodation and/or for appealing the denial of her request for accommodation, in violation of the Iowa Civil Rights Act, Iowa Code § 216.6.

34. As a direct result of Sam's discrimination, Bamrick has suffered – and continues to suffer – past lost wages, future lost wages, emotional distress, humiliation, and pain and suffering.

WHEREFORE, Plaintiff Deborah A. Bamrick respectfully requests that her Complaint proceed to trial by jury, and upon trial thereof, the Court (1) award back pay, front pay and compensatory damages sufficient to make Bamrick whole for her loss of earnings, lost work opportunities, mental anguish and humiliation against Sam's; (2) award punitive damages sufficient to punish and deter Sam's from similar future conduct; (3) award reasonable attorney's fees against Sam's; (4) assess all costs against Sam's; and (5) for such other and further relief as the Court deems appropriate.

DEBORAH A. BAMRICK, Plaintiff

By:    /s/ Chadwyn D. Cox
Chadwyn D. Cox - AT0001726

   /s/ Natalia H. Blaskovich
Natalia H. Blaskovich - AT0000901
of
REYNOLDS & KENLINE, L.L.P.
110 EAST 9TH STREET
P. O. BOX 239
DUBUQUE, IA 52004-0239
TEL: 563-556-8000
FAX: 563-556-8009

ATTORNEYS FOR PLAINTIFF

S:\WP\Amy\Chad\Bamrick, Deborah\Federal\Complaint 080811.wpd