IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

DEBORAH A. BAMRICK,            )
                                )
         Plaintiff,             )    No. C 11-2050
                                )
vs.                             )    ORDER
                                )
SAM'S WEST, INC.,               )
                                )
         Defendant.             )

This matter is before the court on defendant's resisted Motion for Summary Judgment, filed July 16, 2012. The briefing schedule concluded on August 20, 2012. Denied.

Plaintiff, a resident of Hiawatha, Iowa, brings this action seeking damages from defendant Sam's West, Inc. (Sam's), an Arkansas corporation doing business in Cedar Rapids, Iowa, for defendant's claimed violation of the Americans with Disabilities Act (ADA), 42 USC §§12101-12213 (Count 1), and the Iowa Civil Rights Act (ICRA), IC §216 et seq. (Count 2).[1] The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

Plaintiff worked as a manager of the Photo Lab at Sam's from 2001 through June 10, 2010. She asserts a prior lower back injury required avoidance of excessive walking, standing, or lifting, and at her request several years prior to her discharge,

---

1. While plaintiff's Complaint refers to Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq., no claims are brought pursuant to Title VII.

Sam's provided her with anti-fatigue mats and a stool, which along with occasional lifting assistance from co-workers allowed her to perform her job. In the spring of 2010 she was advised that continued use of the stool would require corporate approval, which she sought. As part of seeking approval, she supplied a physician's statement which included limitations as to bending, alternating between sitting and standing, and lifting more than 25-30 pounds. Following receipt of the physician's statement, Sam's removed plaintiff from her Photo Lab job on June 10, 2010, as the job description called for lifting more than 30 pounds (there were two separate descriptions for the Photo Lab job, indicating that lifting either 40 pounds, or 50 pounds, respectively, was an essential function thereof). Plaintiff was placed on a leave of absence until a position within the 30 pound lifting limitation became available. She was offered such a position (part time greeter with materially diminished terms of compensation), and declined to return from her leave of absence to accept this position. Defendant then terminated her employment.

Plaintiff asserts defendant's conduct in removing her from the Photo Lab job constituted discrimination against her on the basis of her disability in violation of the ADA and the ICRA, and further, that the subsequent termination of her employment was in retaliation for seeking accommodation.

Defendant seeks summary judgment, asserting that plaintiff could not perform the essential functions of her job, with or without reasonable accommodation.

2

Additionally, defendant urges it did not take action against plaintiff because of her alleged disability, and instead had a legitimate non-discriminatory reason for her termination which she cannot prove was pretextual. Moreover, defendant contends it did not fail to accommodate her, and did not retaliate against her. In support, defendant asserts that it accommodated her disability by offering her a leave of absence until a position within her limitations became available, offered her such a position (part-time greeter), and terminated her upon her refusal to return from her leave of absence to accept the offered position.

In response, plaintiff withdraws and seeks dismissal of her retaliation claim. Plaintiff resists the remaining grounds in defendant's motion.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

Plaintiff claims disability discrimination under both the ADA and the ICRA. Disability claims under the ICRA are typically analyzed in accordance with the ADA,

3

Kallail v. Alliant Energy Corporate Services, Inc., 691 F3d 925, 930 (8th Cir. 2012), and plaintiff raises no distinction between her two claims. They shall be considered together under the framework of the ADA.

> The ADA makes it unlawful for a private employer to discriminate against "any qualified individual on the basis of disability." 42 USC §12112(a). "Discrimination" is defined to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." Id. §12112(b)(5)(A). To establish a prima facie case of discrimination under the ADA, an employee must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment decision because of the disability. Huber v. Wal-Mart Stores, Inc., 486 F3d 480, 482 (8th Cir. 2007). To be a qualified individual under the ADA, an employee must "(1) possess the requisite skill, education, experience, and training for [her] position; and (2) must be able to perform the essential job functions, with or without reasonable accommodation." Fenney v. Dakota, Minn. & E. R.R. Co., 327 F3d 707, 712 (8th Cir. 2003) (internal quotation omitted), see also 42 USC §12111(8).

Kallail v. Alliant Energy Corporate Services, Inc., supra, 691 F3d 925, 930 (8th Cir. 2012). Discrimination includes not making reasonable accommodations to known physical limitations of an otherwise qualified individual with a disability, unless the employer can demonstrate the accommodation would impose an undue hardship on the employer's business. Heaser v. The Toro Co., 247 F3d 826, 830 (8th Cir. 2001) (citation and quotations omitted).

Considering the elements of the prima facie case of disability discrimination noted above, it appears undisputed that plaintiff is disabled within the meaning of the ADA, due to the effect of her lower back injury upon her ability to walk, stand, sit, lift,

4

and bend. In support of its motion, defendant urges that plaintiff is not a "qualified individual" under the ADA, as her physician's statement and her own admissions demonstrate she could not perform the essential lifting function of "moves, lifts, carries, and places merchandise and supplies weighing less than or equal to 50 pounds without assistance," and the essential bending function of "reaches overhead and below the knees, including bending, twisting, pulling, and stooping." See Docket #9, defendant's Motion for Summary Judgment, Appendix Exhibit #'s 17, 20. Defendant asserts that plaintiff's requested accommodation of a stool would not have enabled her to perform the essential functions of the job, including the lifting and bending requirements, and that she was removed from the Photo Lab job because she could not perform the essential functions of the job, with or without reasonable accommodation.

In response, plaintiff asserts that with the reasonable accommodation of a stool, she was able to perform the essential functions of the job from 2001 through 2010, and that the lifting requirement of 50 pounds is not an essential function of the job.

In determining whether a job function is essential, the court must consider evidence including (1) the employer's judgment as to which functions are essential, (2) written job descriptions prepared before advertising or interviewing applicants for the job, (3) the amount of time performing the function, (4) the consequences of not requiring performance of the function, (5) the terms of any collective bargaining agreement, (6) the work experience of past incumbents on the job, and/or (7) the

current work experience of incumbents in similar jobs. Kallail v. Alliant Energy Corporate Services, Inc., supra, 691 F3d at 930 (citations omitted).

Upon this record, it appears undisputed that the job required lifting liquid chemical waste, which periodically drained from photo processing equipment into 5 gallon buckets. When these buckets were sufficiently full and ready for removal, an alarm would activate, and the buckets would then have to be lifted and poured into a recycling tank, once or twice daily. Docket #9, defendant's Motion for Summary Judgment, Appendix, plaintiff's deposition at pp. 53-55. Based upon Exhibit 12 appended to defendant's Motion for Summary Judgment, to wit, a table stating the weight of a gallon of water is 8.33 pounds, defendant urges the 5 gallon buckets weighed more than forty pounds when full, in support of its contention that lifting up to 50 pounds is an essential function of the job, which exceeds plaintiff's 30 pound lifting restriction. However, plaintiff's affidavit states that while 5 gallon buckets were indeed used to drain the chemical waste reservoirs of the photo processing equipment, those reservoirs held no more than three to four gallons maximum, and thus, the 5 gallon bucket wasn't full prior to being emptied. Docket #11, plaintiff's Resistance to Defendant's Motion for Summary Judgment, Appendix, Bamrick affidavit. Additionally, plaintiff stated she would empty the reservoirs before they completely filled, if she felt the need to do so. Id. Further, the Miller affidavit avers that draining the chemical waste reservoir would, at most, fill two-thirds of the 5 gallon bucket. Docket #11,

plaintiff's Resistance to Defendant's Motion for Summary Judgment, Appendix, Miller affidavit.

Noting defendant's assertion that the weight of the liquid chemical waste is based upon application of a table stating that 1 gallon of water weighs 8.33 pounds, and multiplying the 8.33 pounds per gallon by the 2/3 full 5 gallon bucket, excluding the unknown constant of the weight of the empty bucket, the court judicially notices that the application of this formula yields a result of 27.77 pounds.

Continuing to view the record in the light most favorable to plaintiff in accordance with summary judgment standards, and considering the employer's judgment as to the essential nature of lifting up to 50 pounds, the formulation of the 50 pound lifting limitation in 2007 (many years after plaintiff began performing the job, with no apparent changes in the job), the absence of adverse consequences of not performing the function (as the previous bucket weight discussion demonstrates plaintiff has come forward with a showing that lifting in excess of 30 pounds was not required), the absence of a collective bargaining agreement bearing upon this matter, and the work experience of at least one incumbent supporting plaintiff's position (the Miller affidavit, supra), it is the court's view that plaintiff has generated a disputed issue of material fact as to whether lifting up to 50 pounds is an essential function of the job. In considering the matter, the court is mindful that a determination of whether physical qualifications are essential job functions should be based upon more than statements in a job

7

description, and should reflect the actual functioning and circumstances of the particular enterprise involved, with focus on the position from which plaintiff was removed. Benson v. Northwest Airlines, Inc., 62 F3d 1108, 1114 (8th Cir. 1995) (citations and quotations omitted).

Having found plaintiff has satisfied the first two elements of the prima facie case, the court further finds plaintiff has satisfied the third element by generating a disputed issue of material fact as to whether she suffered an adverse employment action because of the disability, specifically, removal from her job at the Photo Lab, and her subsequent termination.

While defendant proffers a legitimate nondiscriminatory reason for the adverse employment decision of terminating plaintiff's employment, to wit, that plaintiff was discharged for the legitimate nondiscriminatory reason of failure to return from leave of absence to take the offered greeter position, defendant has not come forward with a separate legitimate nondiscriminatory reason for the adverse employment decision of removing plaintiff from the Photo Lab job. Instead, as noted hereinbefore, defendant asserted that plaintiff's removal therefrom was based upon an inability to perform the essential functions of the job with or without reasonable accommodation, an assertion upon which plaintiff has generated a disputed issue of material fact sufficient to withstand summary judgment. It appearing that the legitimacy and nondiscriminatory basis of defendant's proffered reason for plaintiff's termination depends entirely upon

the outcome of a precedent matter upon which plaintiff has generated a disputed issue of material fact, it is the court's view that the question of any claimed legitimate nondiscriminatory reason for the second adverse employment action (termination) need not be addressed at this point.

While defendant urges that plaintiff has not addressed the bending limitation, there are no specifications as to the amount and nature of bending required by the job, or the amount of plaintiff's bending limitation, and in light of the record, to the extent defendant seeks summary judgment on this basis, there exists a disputed issue of material fact as to whether plaintiff can perform the essential bending functions of the job with or without reasonable accommodation.

Upon the foregoing, there exist disputed issues of fact precluding the entry of summary judgment.

It is therefore

ORDERED

Plaintiff's retaliation claim is dismissed.

Defendant's Motion for Summary Judgment denied.

February 4, 2013.

_Edward J McManus_
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

9